UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF FLORIDA
*Miami Division*

In re:

CHARLES BUTTNER and,
NAYDA BUTTNER,

    Debtors.
_____/

CASE NO. 24-15252-CLC

Chapter 13

**GLENDA RIVAS, KRISTINA RIVAS,** and**, ANTHONY WILSON**,

    Plaintiffs,

vs.

**CHARLES BUTTNER**, and,
**NAYDA BUTTNER**,

    Defendants.
_____/

ADVERSARY PROCEEDING
Case No._____

## COMPLAINT FOR DAMAGES AND DETERMINATION OF NON-DISCHARGEABILITY OF DEBT

The Plaintiffs, Glenda Rivas, Kristina Rivas and Anthony Wilson (together, for ease, "Plaintiffs" or "Rivas"), by and through their undersigned counsel, hereby sue the Debtor/Defendants, Charles Buttner, and Nayda Buttner ("Debtors", "Defendants" or the "Buttners") based upon the following causes of action and allegations for a money judgment, as well as a determination that the money judgment is nondischargeable, and in support thereof aver as follows:

### NATURE OF THIS ACTION

In this action Plaintiffs seek damages and other relief arising out of the unlawful and outrageous conduct and actions of the Defendants, which includes but is not limited to the Defendants' intentional and malicious harassment, intimidation, assault, trespass and

other interference with the personal and property rights of Plaintiffs, as well as the rights of Kristina Rivas and Anthony Wilson's two minor children (where the context allows or requires, the defined term Rivas shall include the minor children).

<u>PRELIMINARY ALLEGATIONS</u>
<u>(PARTIES, JURISDICTION AND VENUE)</u>

1. The relief sought in this Complaint arises under the Bankruptcy Code – including without limitation – 11 U.S.C. 523, et al., and/or arises in this Bankruptcy Case (the "Bankruptcy"), within the meaning of 28 U.S.C. section 157(b)(1).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(a), and (l).

3. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. sections 1334 and 157(b)(2)(l), 11 U.S.C. section 523, and Rules 7001(1) et seq. of the Federal Rules of Bankruptcy Procedure.

4. The Bankruptcy Court is authorized to enter final orders and judgments in this proceeding.

5. The Plaintiff, Glenda Rivas, is an adult domiciled in Marathon, Monroe County, Florida and is otherwise sui juris in all respects.

6. The Plaintiff, Kristina Rivas, is an adult resident domiciled in Marathon, Monroe County, Florida and is otherwise sui juris in all respects.

7. The Plaintiff, Anthony Wilson, is an adult resident domiciled in Marathon, Monroe County, Florida and is otherwise sui juris in all respects.

8. The Plaintiff, Glenda Rivas, is the mother of the Plaintiff, Kristina Rivas.

9. The Plaintiff, Kristina Rivas, is married to the Plaintiff, Anthony Wilson.

10. The Plaintiff, Kristina Rivas and the Plaintiff, Anthony Wilson have two minor children. (sometimes hereinafter referred to as the "Rivas/Wilson minor children").

11. The Plaintiffs and the Rivas/Wilson minor children, all permanently reside together at the real property located at 496 James Avenue, Marathon, Monroe County, Florida. (sometimes hereinafter referred to as the "Plaintiffs' Residence").

12. The Defendant, Charles Buttner, is an adult domiciled in Marathon, Monroe County, Florida and is otherwise sui juris in all respects.

13. The Defendant, Nayda Buttner is an adult domiciled in Marathon, Monroe County, Florida and is otherwise sui juris in all respects.

14. The Defendants and married to each other.

15. The Defendants have four minor children.

16. The Defendants and their minor children all permanently reside together at the real property located at 490 James Avenue, Marathon, Monroe County, Florida 33050. (sometimes hereinafter referred to as the "Defendants' Residence").

17. Jurisdiction is proper in this Court. In this action, the Plaintiffs seek damages and a determination of nondischargeability.
The matters set forth herein are otherwise properly within the jurisdiction of this Court.

18. Venue in this proceeding in this District is proper pursuant to 28 U.S.C. section 1409(a).

19. All conditions precedent to the filing of this action have either occurred or have been fulfilled by the Plaintiffs, and/or waived by the Defendants.

COUNT I. NUISANCE
(as to Defendant Charles Buttner and, Defendant Nayda Buttner)

20. Plaintiffs hereby reincorporate and reallege the preliminary allegations set forth in paragraphs 1 thru 19 as though more fully set forth herein below.

21. The Plaintiffs' Residence and the Defendants' Residence are immediately adjacent to one another, sharing one common boundary.

23. For several months prior to the date of the filing of this action, while in or on the grounds of Defendants' Residence, as well as while off the grounds of Defendants' Residence, and continuing to date, the Defendants have continuously engaged in an intentional and malicious campaign of threats, intimidation, and harassment against the Plaintiffs as well as their two minor children, including but not limited to the following:

    a. trespassing on Plaintiffs' Residence, including instructing third parties to do so, by, among other things, entering the property lines, and touching and molesting Plaintiffs' fence and landscaping;

    b. obstructing Plaintiffs' ingress and egress to and from their property, including instructing third parties to do so;

    c. continuously directing inappropriate, outrageous, lewd and unlawful comments at Plaintiffs and their two minor children (including obscenities and racial slurs);

      d.      continuously threatening the Plaintiffs and their two minor children with harm and violence through the direct acts of the Defendants, as well as through third parties on their behalf- including threats of shooting, retribution, and of lighting Plaintiffs' Residence on fire;

      e.      making statements of ill will towards the Plaintiffs, including those related to illness and death;

      f.      continuously creating loud and disturbing noises, which emanate from both on and off the Defendants' Residence, including loud swearing, vile and obscene language, yelling, screaming, playing loud music, honking the automobile horn, and, banging on objects, all of which are clearly audible to Plaintiffs and their minor children, in their home and while in their yard;

      g.      continuously stalking Plaintiffs and their minor children, including pacing in front of Plaintiffs' Residence, staring at Plaintiffs and their minor children and the Plaintiffs' Residence, taking pictures of Plaintiffs and their minor children and Plaintiffs' home;

      h.      erratic driving in the area in front of Plaintiffs' Residence, including when children are present;

      i.      throwing rocks and other objects at Plaintiffs' Residence; and,

      j.      removing Plaintiffs' survey flags and survey markers from Plaintiff's Residence.

24. The actions and conduct of Defendants took place both on and off the Defendants' Residence.

25. The actions and conduct of the Defendants occur routinely and are incessantly conducted at all times during the day and night, and are so conducted in the presence of, or directly at Plaintiffs and the Rivas/Wilson minor children, so as to annoy and harass and place in fear the Plaintiffs and their minor children.

26. The actions and conduct of Defendants materially impairs Plaintiffs as well as their minor children's quiet enjoyment of Plaintiffs' Residence and render it unfit for comfortable and respectable occupation as a residence.

27. Plaintiffs have informed the Defendants that their conduct constitutes a nuisance and have requested them to discontinue such conduct, but Defendants have continued such conduct.

28. Plaintiffs and the Rivas/Wilson minor children are so disturbed by the actions and conduct of the Defendants that they were forced to take drastic and costly measures in light thereof including but not limited to: placing security cameras on their property; erecting a fence and boulders between their property and the Defendants; placing "No Trespassing" signs; and, retaining private security.

29. Plaintiffs have also been forced to call the police on several occasions as the Defendants behavior became threatening and aggressive, which resulted in Charles Buttner being arrested on two separate occasions for trespass and for harassment. Unfortunately,

these efforts were of no avail as the Defendants, Charles Buttner and Nayda Buttner, continue their abusive and disruptive behaviors.

30. Defendants, Charles Buttner and Nayda Buttner's actions in causing and continuing to create loud noise and other intimidating tactics have resulted in the invasion and disturbance of the Plaintiffs' as well as their minor children's' interest in the private use and enjoyment of their home, thereby resulting in a nuisance.

31. The nuisance created by Defendants is the proximate cause of the injuries suffered by Plaintiffs and their minor children.

WHEREFORE, Plaintiffs, Glenda Rivas, Kristina Rivas, and Anthony Wilson, respectfully request that this Honorable Court enter judgment in their favor as follows:

   a. For the entry of a judgment for damages for the trespass alleged above;
   b. For an award of costs incurred in this matter as well as prejudgment and post judgment interest; and,
   c. For any and all such further relief as to this Honorable Court appears just and proper under the circumstances.

### COUNT II.  TRESPASS
### (as to Defendant, Charles Buttner and Defendant, Nayda Buttner)

32. Plaintiffs hereby reincorporate and reallege the preliminary allegations set forth in paragraphs 1 thru 19 as though more fully set forth herein below.

33. This is an action for damages based upon trespass committed by Defendants.

34. Defendants have continuously parked their vehicles on Plaintiffs' property thereby trespassing on Plaintiffs, Glenda Rivas, Kristina Rivas and Anthony Wilson's property.

35. Defendants have instructed their guests, invitees and others to park vehicles on Plaintiffs' Residence and/or to park vehicles in a manner which obstructed access to and from Plaintiffs' Residence thereby trespassing on Plaintiffs' Residence.

36. Defendants continuously enter Plaintiffs' Residence on foot and by vehicles.

37. Defendants have instructed their minor children to enter upon and thereby trespass on Plaintiffs' Residence.

38. Defendants have neither sought nor obtained Plaintiffs' consent to place vehicles on nor to enter upon Plaintiffs' residence.

39. Defendants' continuous entering upon the Plaintiffs' property has resulted in damage to Plaintiffs.

40. Defendants' continuous parking on and blocking access to and from – Plaintiffs' property has deprived the Plaintiffs of the full use of their property and has created a safety hazard.

41. Defendants trespass is the proximate cause of the injuries suffered by Plaintiffs which include but are not limited to the loss of use and enjoyment of their property as well as a diminution in value of their property.

WHEREFORE, Plaintiffs, Glenda Rivas, Kristina Rivas and Anthony Wilson, respectfully request this Honorable Court enter a judgment for damages, including both consequential and special damages, costs, and for any and all such further relief as to the Court appears just and proper under the circumstances.

### COUNT III. TRESPASS
### (as to Defendant, Charles Wallace Buttner – only)

42. Plaintiffs hereby reincorporate and reallege the preliminary allegations set forth in paragraphs 1 thru 19 as though more fully set forth herein below.

43. This is an action for damages based upon trespass committed by Defendant, Charles Buttner.

44. Defendant, Charles Buttner, entered upon the property of the Plaintiffs.

45. A trespass warning was issued by law enforcement to Defendant, Charles Buttner, as a result.

46. Defendant, Charles Buttner, ignored the trespass warning and continued to enter upon the Plaintiffs' Residence.

47. Defendant, Charles Buttner, was arrested for trespassing on May 29, 2021.

48. Despite being arrested, Defendant Charles Buttner continues to trespass upon Plaintiffs' Residence.

49. Following his arrest, Defendant, Charles Buttner, has been heard mocking law enforcement regarding his arrest.

50. Defendant, Charles Buttner, has even been heard instructing his children to trespass on Plaintiffs' Residence.

51. Despite the "no trespassing" signs on Plaintiffs' Residence; despite being "no trespassed" from the property by law enforcement; and, despite being arrested for trespassing on Plaintiffs' Residence, the Defendant, Charles Buttner, continues to trespass upon Plaintiffs' Residence.

52. Defendant, Charles Buttner, has neither sought nor obtained Plaintiffs' consent to enter upon Plaintiffs' property and otherwise damaged Plaintiffs.

53. The continued trespass upon Plaintiffs' Residence by Defendant, Charles Buttner, has resulted in the obstruction of the full use and enjoyment of Plaintiffs' Residence by Plaintiffs.

54. Defendant, Charles Buttner's trespass is the proximate cause of the injuries suffered by Plaintiffs, which injuries include but are not limited to the loss of use and enjoyment of their property as well as a diminution in value of their property.

WHEREFORE, Plaintiffs, Glenda Rivas, Kristina Rivas and Anthony Wilson respectfully request this Honorable Court enter a judgment for damages, including both consequential and special damages, costs, and for any and all such further relief as to the Court appears just and proper under the circumstances.

COUNT IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(as to Defendant, Charles Buttner and Defendant, Nayda Buttner)

55. Plaintiffs hereby reincorporate and reallege the preliminary allegations set forth in paragraphs 1 thru 19 as though more fully set forth herein below.

56. For several months prior to the date of the filing of this action, while in or on the grounds of Defendants' Property, as well as while off the grounds of Defendants

Property, and continuing to date the Defendants have continuously engaged in an intentional and malicious campaign of threats, intimidation, and, harassment against the Plaintiffs as well as their two minor children, including but not limited to the following:

 a. trespassing on Plaintiffs' Residence- including instructing third parties to do so- by, among other things, entering the property lines, and, touching and molesting Plaintiffs fence and landscaping;

 b. obstructing Plaintiffs' ingress and egress to and from their property, including instructing third parties to do so;

 c. continuously directing inappropriate, outrageous, lewd and unlawful comments at Plaintiffs and their two minor children (including obscenities and racial slurs);

 d. continuously threatening the Plaintiffs and their two minor children with harm and violence through the direct acts of the Defendants as well as through third parties on their behalf, including threats of shooting, retribution, and of lighting Plaintiffs' Residence on fire;

 e. making statements of ill will towards the Plaintiffs including those related to illness and death;

 f. continuously creating loud and disturbing noises, which emanate from both on and off the Defendants' Residence, including loud swearing, vile and obscene language, yelling, screaming, playing loud music, honking the automobile horn, and,

banging on objects, all of which are clearly audible to Plaintiffs and their minor children, in their home and while in their yard;

   g. continuously stalking Plaintiffs and their minor children, including pacing in front of Plaintiffs' Residence, staring at Plaintiffs and their minor children and the Plaintiffs' Residence, taking pictures of Plaintiff, their minor children and Plaintiffs' home;

   h. erratic driving in the area in front of Plaintiffs' Residence- including when children are present;

   i. throwing rocks and other objects at Plaintiffs' Residence; and,

   j. removing Plaintiff survey flags and survey markers from Plaintiff's Residence.

57. Plaintiffs have also been forced to call the police on several occasions as the Defendants behavior became threatening and aggressive, which resulted in Charles Buttner being arrested on two separate occasions for trespass and for harassment. Unfortunately, these efforts were of no avail as the Defendants continue their abusive and disruptive behavior.

58. Defendants acted in an intentionally, reckless and outrageous fashion, as more fully described above, as they knew or should have known that emotional distress of the Plaintiffs as well as their minor children, would likely result from their wrongful actions.

59. Defendants outrageous conduct, is so extreme in degree that it goes beyond all bounds of decency and arises to a level which is regarded as atrocious and utterly intolerable in a civilized community.

60. Plaintiffs as well as their minor children, have suffered severe emotional distress and mental anguish, disability and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiffs and their minor children, will suffer in the future until Defendants, Charles Buttner and Nayda Buttner, cease their outrageous conduct.

61. At one point, Defendants' conduct went so far as to cause Plaintiff Kristina Rivas to require medical attention, including an ambulance being called. As Plaintiff, Kristina Rivas, was being taken away on the stretcher by the EMT's the Defendants engaged in laughing and making inappropriate comments directed towards Plaintiffs.

62. Defendants conduct has further caused Plaintiff, Glenda Rivas, who is elderly and has health conditions, to fear for her safety, health and well-being as well as that for her family, including her two minor grandchildren.

63. Defendants' conduct, including racial slurs, has further caused the Rivas/Wilson minor children to fear for their safety including being unable to utilize the outside of their home to play as children should be able to.

64. Defendants' conduct, including racial slurs, has further caused Plaintiff, Anthony Wilson, to be unable to utilize the outside of his home for fear of his safety and that of his family.

65.     By reason of Defendants' intentional infliction of emotional distress, Plaintiffs are entitled to compensatory damages, and consequential damages, for their mental anguish, pain and suffering.

WHEREFORE, Plaintiffs, Glenda Rivas, Kristina Rivas and Anthony Wilson, respectfully request this Honorable Court enter a judgment for damages, including both consequential and special damages, costs, and for any and all such further relief as to the Court appears just and proper under the circumstances.

COUNT V.  ASSAULT
(as to Defendant, Charles Buttner and Defendant, Nayda Buttner)

66.     Plaintiffs hereby reincorporate and reallege the preliminary allegations set forth in paragraphs 1 thru 19 as though more fully set forth herein below.

67.     For several months prior to the date of the filing of this action, while in or on the grounds of Defendants' Property, as well as while off the grounds of Defendants Property, and continuing to date the Defendants have continuously engaged in an intentional and malicious campaign of threats, intimidation, and harassment against the Plaintiffs as well as their two minor children, including but not limited to the following:

   a.     trespassing on Plaintiffs' Residence, including instructing third parties to do so, by, among other things, entering the property lines, and touching and molesting Plaintiffs' fence and landscaping;

   b.     obstructing Plaintiffs' ingress and egress to and from their property, including instructing third parties to do so;

  c. continuously directing inappropriate, outrageous, lewd and unlawful comments at Plaintiffs and their two minor children (including obscenities and racial slurs);

  d. continuously threatening the Plaintiff and their two minor children with harm and violence through the direct acts of the Defendants as well as through third parties on their behalf, including threats of shooting, retribution, and of lighting Plaintiffs' Residence on fire;

  e. making statements of ill will towards the Plaintiffs including those related to illness and death;

  f. continuously creating loud and disturbing noises, which emanate from both on and off the Defendants' Residence, including loud swearing, vile and obscene language, yelling, screaming, playing loud music, honking the automobile horn, and, banging on objects- all of which are clearly audible to Plaintiffs and their minor children, in their home and while in their yard;

  g. continuously stalking Plaintiffs and their minor children, including pacing in front of Plaintiffs' Residence, staring at Plaintiffs and their minor children and the Plaintiffs' Residence, taking pictures of Plaintiff and their minor children and Plaintiffs' home;

  h. erratic driving in the area in front of Plaintiffs' Residence, including when children are present;

  i. throwing rocks and other objects at Plaintiffs' Residence; and,

  j. removing Plaintiffs' survey flags and survey markers from Plaintiff's Residence.

68. Defendants made intentional, unlawful threats of injury to Plaintiff by force, or force unlawfully directed toward Plaintiffs persons.

69. Plaintiffs have also been forced to call the police on several occasions as the Defendants behavior became threatening and aggressive, which resulted in Charles Buttner being arrested on two separate occasions for trespass and for harassment. Unfortunately, these efforts were of no avail as the Defendants, Charles Buttner and Nayda Buttner continue their abusive and disruptive behaviors.

70. Defendants outrageous conduct created fear and continues to create a fear of imminent peril in Plaintiffs, Glenda Rivas, Kristina Rivas, and Anthony Wilson, as well as a well-founded fear for harm to the Rivas/Wilson minor children.

71. At the time Defendants conducted the outrageous conduct they had an apparent ability to effectuate the actions being threatened.

72. Plaintiffs did not consent to Defendants acts.

73. The outrageous actions of the Defendants, as described herein are compounded by the fact that the Defendants, have and continue to utilize racial slurs while engaging in such- including while in the presence of the Rivas/Wilson minor children.

74. As a direct and proximate result of Defendants' conduct, Plaintiff have suffered and are entitled to compensatory damages, and, special damages for their mental anguish, pain and suffering.

WHEREFORE, Plaintiffs, Glenda Rivas, Kristina Rivas and Anthony Wilson, respectfully request this Honorable Court enter a judgment for damages, including both consequential and special damages, costs, and for any and all such further relief as to the Court appears just and proper under the circumstances.

<u>COUNT VI.</u>
COUNT VII – NONDISCHARGEABILITY
(pursuant to Section 523(a)(6))

75. Plaintiffs hereby reincorporate and reallege the preceding allegations set forth in paragraphs 1 thru 74 as though more fully set forth herein below.

76. If and to the extent that that this Honorable Court finds that Defendants, Charles Wallace Buttner, II and/or Nayda Buttner participated in the acts resulting in the damages alleged by Plaintiffs as set forth herein, and that they are liable for the damages caused thereby, that it be declared that their liability is not dischargeable pursuant to 11 U.S.C. 523(a)(6) for willful and malicious injury.

WHEREFORE, Plaintiffs, Glenda Rivas, Kristina Rivas and Anthony Wilson respectfully request this Honorable Court enter an order declaring that the amounts found owed to Plaintiffs hereunder are nondischargeable pursuant to 11U.S.C. 523(a)(6) and all such further relief as to the Court appears just and proper under the circumstances.

Dated: September _____, 2024.

Respectfully submitted:

        DAVID R. SOFTNESS, P.A.
        201 South Biscayne Boulevard
        Suite 2740
        Miami, Florida 33131
        (305) 804-3665 (telephone)
        david@softnesslaw.com

By:   /s/_____
        David R. Softness
        Florida Bar # 0513229

And

Richard Malafy, Esq.
Campbell & Malafy
10877 Overseas Highway
Suite 201
Marathon, FL  33050
305-743-2492
Email rmalafy@msn.com
Florida Bar # 153620

*Counsel for Plaintiffs*